IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-30-ALM-CAN-1 |
| MAURIO CRAMMER (1) | § § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant Maurio Crammer's ("Defendant") supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 11, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by William Tatum.

On February 12, 2019, United States District Judge Marcia A. Crone sentenced Defendant to a term of forty-one (41) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 88. On February 22, 2021, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 104.

On February 8, 2023, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 104). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or local crime; (2) Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers); (3) Defendant must not communicate or interact with someone Defendant

knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (4) Defendant must refrain from any unlawful use of a controlled substance; (5) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (6) Defendant must acquire a high school equivalency certificate; and (7) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On June 25, 2022, Defendant was arrested by Richardson, Texas Police Department for committing the offenses of Unauthorized Use of a Motor Vehicle, Burglary of a Vehicle, Unlawfully Carrying a Weapon, Failure to Identify Fugitive from Justice, and Evading Arrest Detention. Defendant was placed in custody of Dallas County Jail, Dallas, Texas; the total assessed bond was $44,500.

- Per the offense report for the above offense, Defendant was in possession of a stolen vehicle. He refused to stop the vehicle and obey commands of Richardson Police Department; he continued to flee in the vehicle at a high rate of speed. Upon finally stopping the vehicle, Defendant fled the scene and was later located at another location hiding under an ambulance. Once retrieved, he refused to provide police officers his identifying information. Upon search of the vehicle, a 9mm handgun was located between the driver's seat and console; Defendant was the driver and operator of the stolen vehicle. On November 29, 2022, Defendant was convicted of Unlawful Possession of Firearm by Felon, in the 265th Judicial District Court of Dallas, Texas; Cause No. 2245695-R; he was sentenced to 5 years Texas Department of Criminal Justice-Institutional Division. It is noted all other aforementioned offenses of arrest were dismissed upon acceptance of this guilty plea; the offense of Burglary of a Vehicle was rejected for prosecution.

- Per Richardson, Texas Police Department, when Defendant was arrested on June 25, 2022, he was in the same vehicle in the presence of Derrick Young. On this date, Mr. Young was arrested on eight outstanding active warrants issued by Dallas Police Department, in

- addition to being arrested for the on-site offense of Fraudulent Use and Possession of Identifying Information. The offense report reflects Mr. Young was in possession of various individual's driver's license and credit cards. The licenses and credit cards bore corresponding names; however, none belonged to Derrick Young. As such, Defendant failed to not interact with someone he knew was engaged in criminal activity.

- On May 13, 2021, Defendant was arrested by Plano, Texas Police Department on an outstanding warrant issued by Wylie, Texas Police Department, for committing the offenses of Disorderly Conduct and Indecent Exposure, occurring on May 2, 2021. Per the offense report, on May 2, 2021, Defendant exposed his genitals to adult females to reflect self-masturbation during a bible study video conference call hosted by The Church of Jesus Christ of Latter-Day Saints. However, in August 2021, these charges were rejected for prosecution by the Collin County District Attorney's Office.

- On June 2, 2021, Defendant committed the offense of Aggravated Assault Family Violence with a Deadly Weapon, as he was named as the perpetrator in an offense report filed by Dallas, Texas Police Department.

- As to the above offense, Defendant is alleged to have brandished a firearm, threatened to shoot the victim, punched her in the eye and pulled earrings from her ears, thus splitting her earlobes. The victim is identified as a former girlfriend. However, in June 2021, Dallas, Texas Police Department referred this matter to the Dallas County District Attorney's Office for non-prosecution, as the victim refused participation.

- On October 2, 2021, Defendant was arrested by McKinney, Texas Police Department for committing the offense of Driving While Intoxicated. He was arrested and detained at Collin County Detention Center, McKinney, Texas. Defendant later posted a $1,500 bond. At the time of this writing, this offense remained pending in Collin County, County Court at Law, Cause No. 001-81528- 2022.

- On December 21, 2021, Defendant committed the offense of Aggravated Assault Family Violence, McKinney, Texas, as he is named the perpetrator in an offense report filed by McKinney, Texas Police Department. Per the offense report, Defendant is alleged to have brandished a firearm and threatened to shoot and kill the victim, who is identified as a separate, former girlfriend. An arrest warrant has now been issued by McKinney, Texas Police Department; felony bond has been assessed at $50,000. This case is pending in Collin County District Court and has been assigned Cause No. 219-83679-2022.

- On October 6, 2021, Defendant submitted a urine specimen at the U.S. Probation Office-Plano, which produced positive results for Phencyclidine (PCP). This urine specimen was sent to Abbott Toxicology Services Laboratory and the results were confirmed as positive.

- Defendant failed to report to the probation office as instructed, as submission of monthly reports is due by the fifth day of each month. During May 2021, Defendant submitted a delinquent monthly report on May 16, 2021. During November 2021, Defendant submitted

3

- a delinquent monthly report on November 10, 2021. On September 7, 2021, Defendant failed to report to the U.S. Probation Office-Plano, as instructed by the probation officer.

- As of the date the Petition was filed, Defendant had failed to take a high school equivalency exam to attain high school equivalency certification, nor had he enrolled in courses designed to enable high school equivalency certification attainment as instructed by the probation officer.

- On August 24, 2021, and October 28, 2021, Defendant failed to report for his individual counseling sessions with Fletcher Counseling, Plano, Texas, as instructed.

On April 11, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for April 11, 2023. Defendant entered a plea of true to allegations one (1) and two (2), consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See id.*; Dkt. 121. The Government moved to dismiss allegations three (3) through twelve (12), which the Court granted. *See* Minute Entry for April 11, 2023. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 11, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, with no term of supervised release to follow. The Court further recommends Defendant be placed at the Federal Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**So ORDERED and SIGNED this 14th day of April, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE